UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIC A. VISALDEN-DIAZ, et al., | : | |
| Plaintiffs, | : | Civ. No. 24-380 (JKS) (AME) |
| v. | : | **MEMORANDUM AND ORDER** |
| MAXIM CASAS, et al., | : | |
| Defendants. | : | |

    Eric A. Visalden-Diaz and Brionne Cuff, detainees at Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey, seek to commence a civil rights action pursuant to 42 U.S.C. § 1983 and to proceed *in forma pauperis* ("IFP") (though, as further explained below, only Visalden-Diaz signed the complaint). DE 1-1, 1-2. For the reasons below, the Court denies the applications without prejudice and administratively terminates this action.

    A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

    Here, Visalden-Diaz did not provide a *certified* copy of his inmate trust fund account statement; rather, while he did provide documents that purport to be account statements, the section of the form that provides space for certification from an appropriate prison official was left blank, despite the form's explicit warning that "this portion of your application shall **not** be left blank" (emphasis in original), and "[i]f this portion is not completed, your application will be

denied without prejudice." DE 1-1 at 3. Accordingly, the Court denies Visalden-Diaz's IFP application without prejudice. If he provides the Court with a *certified* account statement covering the six-month period prior to the date he filed his complaint, he may request that the Court reopen the case.

Whether the matter proceeds IFP or Visalden-Diaz prepays the filing fee, however, the Court must still screen his complaint and dismiss it if it is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee will not be refunded. Moreover, if Visalden-Diaz has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Cuff's IFP application will also be denied without prejudice. One prisoner cannot represent other prisoners; rather, each prisoner who seeks to join a lawsuit must sign the complaint and comply with the joinder rules. *See* Fed. Rule of Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented"); *Corsey v. Camden Cnty. Admin.*, No. 09-2120, 2009 WL 4118111, at *2 (D.N.J. Nov. 17, 2009) (Rule 11 "requires that *each* unrepresented Plaintiff sign every pleading, written motion, or other written paper submitted to the Court") (emphasis in original); Fed. R. Civ. P. 20(a)(1) ("Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

to all plaintiffs will arise in the action."). Additionally, each prisoner who seeks to join as a plaintiff must either pay the proper filing fee (the entire fee is $405, which includes a $350 filing fee and a $55 administrative fee) or submit individual IFP applications. *See Picozzi v. Connor*, No. 12-4102, 2012 WL 2839820, at *2 (D.N.J. July 9, 2012) ("[W]here the entire $350 filing fee has not been prepaid, the full $350 filing fee must be assessed against each *in forma pauperis* prisoner co-plaintiff who is permitted to join, *i.e.,* the filing fee should be assessed as though each such prisoner were proceeding individually."). Conversely, if the plaintiffs decided to prepay the fee rather than proceed *in forma pauperis*, they need only pay the $405 fee once. *See Reid v. Wetzel*, No. 21-5108, 2022 WL 3229331, at *2 (E.D. Pa. Aug. 9, 2022) (where multiple prisoners joined in a civil suit and "one non-IFP prisoner paid the filing fee in full," this "satisfied the payment required to commence a civil lawsuit").

To be clear, if the $405 fee is not prepaid and all of the prisoner-plaintiffs seek to proceed *in forma pauperis*—and if those IFP applications are properly submitted and granted—each of them will be assessed a $350 filing fee to be paid in installments. *Nix v. Camden Cnty. Dep't of Corr.*, No. 14-6879, 2014 WL 6611468, at *1 n.4 (D.N.J. Nov. 21, 2014) ("Where more than one IFP inmate seeks to join in a complaint against a government official or entity, *each* inmate must seek and obtain IFP status, and the Court must direct $350 assessment against *each* inmate."). Further, if their amended complaint is dismissed for one of the reasons identified in 28 U.S.C. § 1915(g)—that is, as frivolous or malicious, or for failure to state a claim upon which relief may be granted—"*each* Plaintiff would accrue a strike for the purposes of 1915(g)'s three-strikes rule." *Id.*

Here, neither Cuff nor the other individuals[1] who purport to join the action have signed the complaint. Additionally, except for Cuff, none has filed an IFP application or paid the filing fee. The Court will therefore provide 45 days within which Visalden-Diaz and any additional inmate who seeks to join may file an amended complaint containing the signatures of all individuals who seek to join the action; such individuals will also be provided 45 days to either pay the proper filing fee (once, collectively, between them) or submit individual IFP applications (in which case they will each be assessed a separate filing fee, if the applications are granted). Cuff may seek leave to renew his motion to proceed IFP if an amended complaint with his signature is filed. If Visalden-Diaz chooses to instead bring the action alone and proceed on the complaint as filed, he shall notify the Court in writing within those 45 days. Finally, the Court has taken pains to explain the potential consequences of proceeding IFP as clearly as possible; as the Court did in *Nix*, this Court advises Plaintiffs that they "should pursue litigation only if they have a bona fide belief that their constitutional rights were violated, and not for the purposes of expressing Plaintiffs' displeasures, emotions or dissatisfaction." 2014 WL 6611468, at *2 n.6.

Accordingly, IT IS on this 13th day of February, 2024,

**ORDERED** that Visalden-Diaz's application to proceed *in forma pauperis* (DE 1-1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Cuff's application to proceed *in forma pauperis* (DE 1-2) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. This is not a "dismissal" for

---

[1] In addition to Visalden-Diaz, the complaint includes the following persons in the caption: Brionne Cuff, Khalil Mills, John Gilmore, Keyshaud Bartee, and an individual with the first name Chancey. DE 1 at 1.

purposes of the statute of limitations. If the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely; and it is further

**ORDERED** that if Visalden-Diaz wish to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 45 days of the date of entry of this Order; his writing shall include an amended complaint signed by each prisoner who seeks to join the action; and either (1) complete, signed IFP applications, including a legible certified six-month prison account statement, for each such individual and Visalden-Diaz, with the understanding that Cuff may instead seek leave to renew the motion he filed (DE 1-2), or (2) one $405 fee; and it is further

**ORDERED** that upon receipt of a writing from Visalden-Diaz stating that he wishes to reopen this case, and either complete IFP applications from each individual who has signed the complaint or one payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that if Visalden-Diaz instead chooses to bring this action alone and proceed on the complaint as filed, he shall notify the Court in writing within 45 days; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and blank IFP applications (DNJ-Pro Se-007-A-(Rev.12/2020)) upon Visalden-Diaz and Cuff[2] by regular U.S. mail.

> _____
> **JAMEL K. SEMPER, U.S.D.J.**

---

[2] It appears only Visalden-Diaz and Cuff have been entered on the ECF docket as plaintiffs and have provided addresses.