## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

ERIC A. VISALDEN-DIAZ, et al.,      :

                               :

            Plaintiffs,      :      Civ. No. 24-380 (JKS) (AME)

                               :

      v.                        :

                               :      **MEMORANDUM AND ORDER**

MAXIM CASAS, et al.,            :

                               :

           Defendants.      :

_____  :

Before the Court is the amended complaint of Brionne Cuff, Kieshad Bartee, John Gilmore, Terry Stocks, Khalil Mills, Chancey Grandberry, and David Thompson ("Plaintiffs"), pretrial detainees at Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey. DE 4. Plaintiffs seek to commence a civil rights action pursuant to 42 U.S.C. § 1983. *Id.* Gilmore, Cuff, Stocks, and Bartee also seek to proceed *in forma pauperis* ("IFP"). DE 4-1–4-4. For the reasons below, (1) the Court will defer decision on the IFP applications; (2) Mills, Grandberry, and Thompson will be provided 45 days to either pay the proper filing fee (once, collectively, between them) or submit individual IFP applications; and (3) Plaintiffs will be provided 45 days to file a second amended complaint.

In February 2024, the Court administratively terminated this matter because the initial complaint was signed only by then-plaintiff Eric A. Visalden-Diaz, rather than by all plaintiffs who sought to join in the action. DE 3 at 4–5. The Court also (1) denied without prejudice the IFP applications of Visalden-Diaz and Cuff; and (2) granted 45 days for Visalden-Diaz and any additional inmate who sought to join the action to file an amended complaint. *Id.* Such individuals were also given 45 days to either pay the proper filing fee or submit individual IFP applications. DE 3 at 5. In response, on March 1, 2024, (1) Plaintiffs filed an amended

complaint, which (a) has been signed by each of them, but not by original plaintiff Visalden-Diaz (DE 4 at 7), (b) incorporates the initial complaint by reference (*id.* at 4–6), and (c) includes additional facts and allegations (*id.* at 8–9); and (2) Gilmore, Cuff, Stocks, and Bartee filed IFP applications.

To commence a civil action, the plaintiffs must either (a) collectively pay the proper filing fee (the entire fee is $405, which includes a $350 filing fee and a $55 administrative fee), or (b) each individually submit an IFP application. If the plaintiffs elect to prepay the $405 filing fee, they need only pay it once between them. *See Reid v. Wetzel*, No. 21-5108, 2022 WL 3229331, at *2 (E.D. Pa. Aug. 9, 2022) (where multiple prisoners joined in a civil suit and "one non-IFP prisoner paid the filing fee in full," this "satisfied the payment required to commence a civil lawsuit"). Conversely, if the plaintiffs elect to proceed IFP, they *each* must file an individual IFP motion and—if the IFP motions are properly filed and granted—a $350 filing fee will be assessed individually against each of them to be paid in installments. *See Picozzi v. Connor*, No. 12-4102, 2012 WL 2839820, at *2 (D.N.J. July 9, 2012) ("[T]he full $350 filing fee must be assessed against each in forma pauperis prisoner co-plaintiff who is permitted to join, i.e., the filing fee should be assessed as though each such prisoner were proceeding individually."); *Nix v. Camden Cnty. Dep't of Corr.*, No. 14-6879, 2014 WL 6611468, at *1 n.4 (D.N.J. Nov. 21, 2014) ("Where more than one IFP inmate seeks to join in a complaint . . . , each inmate must seek and obtain IFP status, and the Court must direct $350 assessment against each inmate.").

A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his

inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

Further, if the operative complaint is dismissed for one of the reasons identified in 28 U.S.C. § 1915(g)—that is, as frivolous or malicious, or for failure to state a claim upon which relief may be granted—"each Plaintiff would accrue a strike for the purposes of 1915(g)'s three-strikes rule." *Id.*

The Court finds that the IFP applications of Gilmore, (DE 4-1), Cuff (DE 4-2), Stocks (DE 4-3), and Bartee (DE 4-4) comply with 28 U.S.C. § 1915(a). However, as explained below, Plaintiffs will be directed to file a second amended complaint that stands independent of the initial complaint. Thus, the Court will defer decision on the IFP applications of Gilmore, Cuff, Stocks, and Bartee until a second amended complaint is filed. If Plaintiffs file a second amended complaint and none of the individuals who seek to join the action pay the filing fee, the IFP applications of Gilmore, Cuff, Stocks, and Bartee will be granted, and they will be given leave to proceed in this Court without prepayment of fees. *See* 28 U.S.C. § 1915.

Mills, Grandberry, and Thompson have not sought to proceed IFP, nor have they paid the filing fee. As explained above, to the extent they seek to join in this action, they must either collectively pay the $405 fee, or move individually to proceed IFP. *See Johnson v. Camden Cnty. Warden*, No. 22-4624, 2023 WL 2238110, at *2 (D.N.J. Feb. 24, 2023) (To join action as plaintiffs, "each prisoner-plaintiff must submit a completed signed IFP application, including a certified six-month account statement . . . . Alternatively, plaintiffs may collectively submit a single $40[5].00 filing fee.") (citing *Hagan v. Rogers*, 570 F.3d 146, 154–56 (3d Cir. 2009)). The Clerk will be directed to send Mills, Grandberry, and Thompson blank IFP forms to be

3

completed and filed if they choose to apply for IFP status. If they choose instead to prepay the $405 fee, the Court will deny the IFP applications of Gilmore, Cuff, Stocks, and Bartee as unnecessary.

The Clerk will also be directed to provide Plaintiffs with this Court's approved prisoner civil rights complaint form, and they will be directed to file a second amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiffs may not, as they appear to have done here, incorporate the initial complaint—which was not signed by any of them (*see* DE 1 at 10)—into their amended complaint (*see* DE 4 at 4–6 (referencing "previous claim that are [sic] applicable to this section," "previous complaint applicable to this section," and "previous applicable complaint")).

"[T]he Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant." *Perry v. Paolillo*, No. 22-1872, 2022 WL 2209288, at *1 (E.D. Pa. June 21, 2022). When an amended complaint is filed, it replaces all prior versions of the complaint, and the original complaint no longer performs any function in the case. *Wilson v. Martone*, No. 11-5337, 2012 WL 715319, at *5 (D.N.J. Mar. 5, 2012); *see also Banks v. Smith*, No. 3:19-427, 2019 WL 2296511, at *7 (M.D. Pa. May 30, 2019) ("If Mr. Banks decides to file an amended complaint, he must clearly designate on the face of the document that it is his 'Amended Complaint.' It must bear the docket number assigned to this case, and it must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, preferably on the court-approved form. In addition, the 'amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [Complaint or Amended Complaint] already filed.' In other words, the amended

4

complaint will supersede (replaces) his original complaint.") (quoting *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992)).

With these principles in mind, Plaintiffs will be given another opportunity to file an amended complaint, signed by each of them, that includes all claims and parties and all of the facts and allegations they seek to assert against all defendants. Plaintiffs are advised that the amended complaint shall set forth their claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure, and shall be labeled a "second amended complaint." Plaintiffs are further advised that neither conclusory allegations nor broad allegations will set forth a cognizable claim. Rather, "[t]he allegations should be specific enough as to time and place and should identify the person or persons responsible for the deprivation of [Plaintiffs'] constitutional rights." *Banks*, 2019 WL 2296511, at *8. The second amended complaint "should place each defendant on notice of how their actions (or inactions) led to the deprivation of [Plaintiffs'] rights." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Finally, Plaintiffs should utilize this Court's approved prisoner civil rights complaint form, which, as noted above, the Clerk shall be directed to provide.[1]

The Court will then screen the second amended complaint in due course and dismiss it if the Court finds that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915€(2)(B). As explained above, if the Court dismisses the case, the filing

---

[1] It is not clear whether Visalden-Diaz intends to remain as a plaintiff in this action, as he did not sign the amended complaint, nor submit an IFP application curing the deficiencies in his initial application. *See* DE 3 at 1–2 (noting that Visalden-Diaz did not provide the required certified copy of his inmate trust fund account statement with his IFP application and denying the application without prejudice). Federal Rule of Civil Procedure 11 requires "every pleading" to be signed by a "party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Thus, if Visalden-Diaz seeks to remain a party to this action, he must sign the operative complaint. Moreover, as explained herein, either he or another plaintiff must pay one filing fee collectively, or Visalden-Diaz must move for IFP status.

fee will not be refunded. Moreover, if any plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, IT IS on this 10th day of April 2024,

**ORDERED** that the Clerk of the Court shall re-open this matter solely for purposes of entry of this Order, and shall thereafter **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee[2]; and it is further

**ORDERED** that if Plaintiffs wish to reopen this case, they shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 45 days of the date of entry of this Order; the writing shall include a comprehensive proposed second amended complaint, complete in all respects, signed by each prisoner who seeks to join the action, and which cures the deficiencies noted above; and it is further

**ORDERED** that the Court will defer decision on the IFP applications of Gilmore (DE 4-1), Cuff (DE 4-2), Stocks (DE 4-3), and Bartee (DE 4-4) to proceed IFP, and the applications are **TERMINATED** until such time as an operative complaint is before the Court; upon receipt of a proposed second amended complaint, these applications will be either be granted or, if the $405 fee is collectively paid by one or more of the individuals who seek to join the action, denied as unnecessary; and it is further

---

[2] Plaintiffs are advised that this is not a "dismissal" for purposes of the statute of limitations. If the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely.

**ORDERED** that within 45 days of the date of entry of this Order, to the extent Mills, Grandberry, Thompson, and Visalden-Diaz seek to join as plaintiffs, they must either (1) collectively pay the $405 fee, or (2) individually file a complete, signed IFP application, including a legible certified six-month prison account statement; Mills, Grandberry, Thompson, and Visalden-Diaz are advised that if they fail to pay the fee or submit IFP applications within the time allotted by the Court, the Court will screen the proposed second amended complaint only as to the plaintiffs who timely paid the fee or submitted IFP applications, and it is further

**ORDERED** that upon receipt within the time allotted by this Court of (1) a writing from Plaintiffs stating that they wish to reopen this case, and (2) either (a) complete IFP applications from each individual who has signed the second amended complaint (with the exception of Gilmore, Cuff, Stocks, and Bartee), or (b) one payment of the filing and administrative fees, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that if Plaintiffs choose not to file a proposed second amended complaint and wish to proceed instead on their amended complaint, they shall notify the Court of that decision in writing within 45 days of the date of entry of this Order; the Court will thereafter screen the amended complaint without regard to the prior complaint, and only the individuals who have signed the amended complaint and submitted a proper IFP application will be considered plaintiffs; and it is finally

**ORDERED** that the Clerk of the Court shall serve copies of this Order and blank prisoner civil rights complaint forms (DNJ-ProSe-006-ProSePrisCvRghtsCmpFrm-

STANDARD-(Rev.05-2013, 12/2023))[3] upon Gilmore, Cuff, Stocks, Bartee, Mills, Grandberry, Thompson, and Visalden-Diaz[4] by regular U.S. mail; and it is further

   **ORDERED** that the Clerk of the Court shall serve copies of blank IFP applications (DNJ-ProSe-007-A-(Rev.12/2020, 12/2023))[5] upon Mills, Grandberry, Thompson, and Visalden-Diaz by regular U.S. mail.

           _____

           **JAMEL K. SEMPER, U.S.D.J.**

---

[3] *See* https://www.njd.uscourts.gov/sites/njd/files/forms/DNJ-ProSe-006_1.pdf.

[4] It appears only inmate numbers and addresses for Visalden-Diaz and Cuff have been entered on the ECF docket. However, the amended complaint asserts that all plaintiffs are pretrial detainees at HCCF. Thus, the address for Gilmore, Stocks, Bartee, Mills, Grandberry, and Thompson is presumably the same as that for Cuff and Visalden-Diaz. Additionally, Gilmore, Stocks, and Bartee have provided their inmate numbers on their IFP applications. *See* DE 4-1 (Gilmore), DE 4-3 (Stocks), and DE 4-4 (Bartee).

[5] *See* https://www.njd.uscourts.gov/sites/njd/files/forms/DNJ-ProSe-007-A_0.pdf.